## Frye et al. v. Johnson.

January 28, 1947.

L. C. Lawrence and Ralph Hurt for appellants.

Lilburn Phelps and Ira Pittman for appellee.

Opinion of the Court by Judge Cammack—Affirming.

M. E. Johnson instituted this action to have closed a strip of road about 300 yards in length. The road is referred to in the record as "the old road." The old road is crossed by a road known as the Labe McGahan road near Mr. Johnson's home. Both of these roads connect with what is referred to as "the new road." The latter road has been constructed within the past few years. Mr. Johnson gave rights of way for all three of the roads. At least a part of the new road has been graveled, though there is evidence showing that on occasions it was virtually impassable in wet weather. The appellants objected to the closing of the old road on the ground that it was a post road over which the mail has been carried for a number of years, and, also, because they say it is a better road out to the new road than is the McGahan road. On the other hand, Mr. Johnson contends the McGahan road is in better condition than the old road. He said also that, because of a ledge at the top of a hill on the old road, it is sometimes impassable in bad weather. The mail has been carried over the new road most of the time since it was constructed, though the mailman has used the old road on occasions during wet weather.

Commissioners were appointed to investigate the situation, and they recommended that the old road be closed. The court submitted the question to the jury under the following instruction: "You will find and confirm the commissioners' report unless you should believe from the evidence that the exceptors, Frye, etc., have no other practical road or reasonably convenient road to travel to attend church, school, post office or county

seat; and if you so believe you will find for the exceptors, Frye, etc.''

The burden of proof was erroneously placed upon Mr. Johnson, but there seems to have been no objection raised during the trial. The appellants contend that the instruction placed too heavy a burden upon them. But this we fail to see because it strikes us that the court very properly placed the question at issue before the jury.

As we have noted, in addition to the commissioners' report, there was evidence tending to show that the McGahan road was the better one for the appellants to use in traveling to the new road. The appellants offered an instruction which embodied the idea that the old road could not be closed unless the jury believed from the evidence that it was not a post road. They cite KRS 178.070 in support of their contention that no post road can be discontinued until another is established. It is their position that the court should not have allowed the closing of the old road until a new one was established. However, as we view the record, a new road was established before the old road was closed, and, as we have noted, the mail has been carried over it, so there was no occasion for the court to direct the opening of another new road.

The further point is made that the verdict of the jury is flagrantly against the weight of the evidence. Our examination of the record, however, convinces us that there was ample evidence to support the jury's finding.

We think the judgment should be and it is affirmed.